NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-10236 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01904-CKJ-LCK-1 |
| v. | |
| EDGAR ANTONIO CASAHONDA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 1, 2024[**]
Phoenix, Arizona

Before: HAWKINS, BADE, and DESAI, Circuit Judges.

Edgar Antonio Casahonda was convicted in a federal bench trial of aiding and abetting, making false statements in connection with the acquisition of a firearm, smuggling goods from the United States, making false statements, and conspiracy to make false statements in connection with the acquisition of a firearm. Before he

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

was indicted for these crimes, and while he was still under investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Casahonda was the subject of an unrelated traffic stop. During the stop, which Casahonda claims violated his Fourth and Fourteenth Amendment rights, officers seized from the car $8,500 in cash and two receipts for firearm purchases. Officers shared information from the traffic stop with ATF and, at some point thereafter, Casahonda and his codefendants were charged in a thirty-count indictment. The indictment did not cite the traffic stop or reference the evidence seized during the stop.

Prior to trial, Casahonda moved to suppress the evidence from the traffic stop on Fourth Amendment grounds and moved to dismiss the indictment on Fourteenth Amendment equal protection grounds. The district court granted Casahonda's motion to suppress in part and excluded all the evidence seized during the stop. The district court denied Casahonda's motion to dismiss the indictment. The government moved to admit evidence that was otherwise subject to the district court's suppression order, arguing that the government had an independent source for the evidence. The district court granted the motion in part. Casahonda moved for reconsideration, but the court denied the motion. Casahonda does not appeal these rulings. Rather, he appeals the district court's partial denial of his motion to suppress and its denial of his motion to dismiss the indictment. We review both rulings de

novo. *United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022); *United States v. Hancock*, 231 F.3d 557, 561 (9th Cir. 2000). We affirm.

1. Casahonda's Fourth Amendment claim is moot because the district court granted Casahonda's motion to suppress in part and ordered that the evidence from the stop be suppressed. *See United States v. Kahre*, 737 F.3d 554, 565 (9th Cir. 2013) (per curiam) ("The record confirms the district court's conclusion that the seized evidence was not introduced at trial, thereby rendering the motion to suppress moot."). Even if he proved a violation of his Fourth Amendment rights, Casahonda could obtain no relief. His claim thus fails.

2. Likewise, Casahonda cannot obtain the relief he seeks—dismissal of the indictment—even if he proved that officers violated his Fourteenth Amendment right to equal protection by engaging in racially discriminatory traffic stops. The indictment is based on evidence independent of the traffic stop, and Casahonda does not appeal the district court's grant of the government's independent source motion or its denial of his motion to reconsider. Absent a challenge to the independent source determination, Casahonda cannot attack the indictment by claiming that the traffic stop violated his Fourteenth Amendment rights.

**AFFIRMED.**